IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| DOMINIQUE H.            ) | |
| )| |
| Plaintiff,          ) | |
| ) | |
| v.                ) | Civil Action No. CBD-20-974 |
| ) | |
| KILOLO KIJAKAZI[1],        ) | |
| ) | |
| Commissioner,       ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.         ) | |

## MEMORANDUM OPINION

Dominique H. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and for Supplemental Security Income Benefits ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 14, Plaintiff's Alternative Motion for Remand, ECF No. 14, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 15. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

I.   **Procedural Background**

On August 15, 2016, Plaintiff filed for DIB and SSI under Titles II and XVI of the SSA, alleging disability beginning July 9, 2015. R. 15. Plaintiff alleged disability due to IBS, anxiety, depression, PTSD, and plates in her foot. R. 79, 93, 109, 125. Plaintiff's claims were initially denied on January 23, 2017, and upon reconsideration on July 21, 2017. R. 15. An administrative hearing was held on April 1, 2019. R. 15. On April 11, 2019, Plaintiff's claims for DIB and SSI were denied. R. 24. Plaintiff sought review by the Appeals Council, which concluded on February 18, 2020, that there was no basis for granting the request for review. R. 1. Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

II.   **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

3

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i)(2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. §§ 404.1545(a), 416.945 (a). The ALJ must present a "narrative discussion describing

how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis. R. 17–24. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 9, 2015, the alleged onset date. R. 17. At step two, under 20 C.F.R. § 404.1520(c) and §416.920(c), the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease, status post bilateral ankle fractures with hardware placement, bipolar disorder, stress related disorder, and substance addiction disorder (alcohol and marijuana). R 17. The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff's] ability to perform basic work activities." *Id.* At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 18. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform light work work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). The ALJ discerned that Plaintiff had the following limitations:

> [Plaintiff] can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can understand, remember, and carry out simple instructions. [Plaintiff] can have occasional interaction with coworkers and supervisors, yet no interaction with the general public. [Plaintiff] can maintain pace, with normal breaks.

R. 20. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. R. 23. The ALJ found that Plaintiff has not been under a disability, since July 9, 2015, as defined in the SSA. R. 24.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence. Pl.'s Mem. in Supp. of Pl.'s Mot. 5, 9, ECF No. 14–1. Specifically, Plaintiff's only argument on appeal is that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). *Id.* at 9. For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

Plaintiff argues that "the ALJ did not include a limitation in the RFC assessment that accounts for Plaintiff's moderate difficulties [in] maintaining concentration, persistence, or pace throughout an eight-hour workday," or explain why one was not needed. *Id.* at 11-12, 15. Plaintiff contends that limiting Plaintiff to "simple instructions," did not adequately address

Plaintiff's ability to stay on task.² *Id.* at 12.  Defendant argues that the ALJ's mental RFC is supported by substantial evidence, and consistent with the Fourth Circuit's decision in *Mascio v. Colvin*.  Def.'s Mem. in Supp. of Def.'s Mot. 5, ECF No. 15-1.  Defendant avers that the ALJ included mental limitations in the RFC finding, which adequately addressed Plaintiff's moderate difficulties in concentrating, persisting, or maintaining pace.  *Id.*  Defendant also argues that "the ALJ's decision demonstrates how the ALJ considered Plaintiff's functioning in this domain and how she concluded that those impairments did not prevent Plaintiff from functioning as outlined in the RFC." *Id.* at 10-11.

In performing an RFC assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. at 34,478) (internal quotation marks omitted).

> Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.  The second component, the ALJ's logical explanation, is just as important as the other two.  Indeed, our precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.

*Thomas*, 916 F.3d at 311; *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" (quoting *Monroe*, 826 F.3d at 189).

In *Mascio*, the Fourth Circuit held that a RFC assessment must account for an ALJ's step three finding of moderate limitations in concentration, persistence, or pace beyond limiting a plaintiff to performing only "simple, routine tasks." *Mascio*, 780 F.3d at 638.  This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a [plaintiff]

---

² The Court has summarized Plaintiff's argument for conciseness.

suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in his RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* Civ. No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

The functional area of concentration, persistence, or pace, "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3) (2012). Since *Mascio*, courts have reviewed various ALJs' attempts to include corresponding limitations in their RFC assessments for moderate limitations in this functional area.[3] However, the United States Court of Appeals for the Fourth Circuit stated that there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). "An ALJ can explain why [a plaintiff]'s moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the claimant's RFC." *Id*. "When medical evidence demonstrates that a [plaintiff] can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id*. (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "The inquiry, as is usually true in determining the substantiality of evidence, is case-by-case." *Id.*

---

[3] *See, e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, Civ. A. No. ADC-17-2666, 2018 WL 3941946, at *5 (D. Md. Aug. 16, 2018) (holding limitations for interactions with other individuals does not address concentration, persistence, or pace; rather it addresses social functioning); *McDonald v. Comm'r*, Civ. No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the [plaintiff] could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision' " was insufficient to meet *Mascio* requirements); *Steele v. Comm'r, Soc. Sec.*, Civ. No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (citing SSR 96-9P) (holding that when a RFC includes durational limitations an ALJ must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how limiting someone to breaks every two hours "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements).

8

In *Thomas*, the ALJ found that the plaintiff had moderate limitations in concentration, persistence, or maintaining pace, and concluded that the plaintiff had a RFC to perform light work with the following additional mental limitations:

> [Plaintiff] is able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. [Plaintiff] can have occasional public contact or interaction and frequent, but not continuous, contact or interaction with coworkers and supervisors. [Plaintiff] must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting.

*Thomas*, 916 F.3d at 310 (citations omitted). In reversing the lower court's decision, the Fourth Circuit made it clear that when an ALJ finds a plaintiff has moderate limitations in concentration, persistence, or maintaining pace, the ALJ is expected to include "explicit conclusions about how the Plaintiff's mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the [S.S.A.'s] own regulations." *Id.* at 312 (citing SSR 96-8P, 1996 WL 374184 at *2) (holding that the ALJ's analysis was insufficient because (1) the ALJ drew no explicit conclusions as to how the plaintiff's mental limitation affects her ability to perform job-related tasks for a full workday; (2) the ALJ did not sufficiently explain how she weighed significant evidence related to the plaintiff's mental health treatment; (3) the ALJ expressed the RFC first and only then concludes that the limitations caused by her impairments were consistent with that RFC; and (4) the ALJ did not give enough information to understand what the ALJ meant when the ALJ stated that the plaintiff "could not perform work [that] "require[ed] a production rate or demand pace").

The ALJ in this case found at step three that Plaintiff suffered from moderate difficulties in concentration, persistence, or maintaining pace. R.19. After making this determination, the ALJ discussed Plaintiff's complaints, as well as evidence that contradicted Plaintiff's assertions. Specifically, the ALJ stated:

9

> [Plaintiff] contended that she has limitations in concentrating generally, concentrating longer than 5 minutes before requiring a break, and reading. On the other hand, [Plaintiff] said that she is also able to drive, prepare meals, watch TV, manage funds, and handle her own medical care. Psychiatric consultative examination revealed linear and goal-directed thought process and no evidence of psychomotor agitation or retardation. Additionally, the record fails to show any mention of distractibility and an inability to complete testing that assesses concentration and attention.

R. 19. The ALJ then stated the RFC and included the following mental limitations:

> [Plaintiff] can understand, remember, and carry out simple instructions. [Plaintiff] can have occasional interaction with coworkers and supervisors, yet no interaction with the general public. [Plaintiff] can maintain pace, with normal breaks.

R. 20. As the Court held in *Mascio*, limiting Plaintiff to just "simple instructions," is not a sufficient limitation. *See Capps v. Berryhill*, No. CV CBD-17-2438, 2018 WL 4616018, at *5 (D. Md. Sept. 26, 2018) ("a restriction to 'simple tasks' or some variation of that phrase" does not adequately address moderate limitations in concentration, persistence or pace.); *see also e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-17-2666, 2018 WL 3941946, at *5 (D. Md. Aug. 16, 2018) (limiting to "simple, routine tasks" insufficient); *see also, e.g.*, *McDonald v. Comm'r. Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (limiting to "simple, routine, and repetitive tasks" insufficient).

Although the ALJ stated that "[Plaintiff] can maintain pace, with normal breaks," the ALJ "provided no analysis or explanation of how 'normal breaks' would be sufficient to address plaintiff's concentration issues." *Estelle G. v. Saul*, No. CV DLB-19-1537, 2020 WL 5642114, at *5 (D. Md. Sept. 22, 2020) (stating that "[m]erely limiting the plaintiff to work that involves simple, routine tasks with normal breaks does not account her moderate difficulties in concentration, persistence, and pace") (citing *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) ("the restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on

10

task, absent further explanation."); *see also Frederica D. v. Comm'r, Soc. Sec. Admin.*, No. CV BPG-17-3035, 2018 WL 5620692, at *3 (D. Md. Oct. 30, 2018) (finding that "the ALJ's finding that time off-task could be accommodated by normal breaks 'does not adequately account for [plaintiff's] ability to concentrate and stay on task.'"); *Lopez v. Berryhill*, No. CV TJS-17-2315, 2018 WL 4908276, at *2 (D. Md. Oct. 10, 2018) (where the court held that "[a]ny time off-task can be accommodated by normal breaks" did not adequately account for the plaintiff's ability to concentrate and stay on task.). The ALJ also failed to explain why a limitation was not necessary. *Shinaberry*, 952 F.3d at 121. Absent additional explanation, remand is necessary. *Talmo,* 2015 WL 2395108, at *3.

The ALJ's limitations also do not account for whether Plaintiff can perform these tasks for a full workday and workweek. *See Shinaberry*, 952 F.3d at 121 ("[T]he ability to perform simple tasks differs from the ability to stay on task"); *see also McDonald*, 2017 WL 3037554, at *4 (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace). Plaintiff may be able to understand and follow simple instructions with limited interaction with people for a short period of time, but the Court cannot without further explanation, ascertain whether the ALJ believes Plaintiff can perform these tasks for an entire workday as required by the Fourth Circuit. *Thomas*, 916 F.3d at 312.

In the narrative discussion pertaining to the RFC analysis, the ALJ discussed Plaintiff's mental health impairments. R. 20–22. The ALJ considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical

evidence and other evidence, including opinion evidence.  R. 20.  First, the ALJ considered Plaintiff's oral testimony.  The ALJ noted that:

> [Plaintiff] had an emotional breakdown in 2012.  [Plaintiff] saw a psychiatrist for three months in 2012.  [Plaintiff] stated she resumed mental health treatment in 2016 with a psychiatrist and therapist.  [Plaintiff] testified that medication helps her mental symptoms.  [Plaintiff] becomes anxious and self-isolates when she is not on medication.  [Plaintiff] has panic attacks.  [Plaintiff] has to have friends or relatives drive her around.

R. 20.  The ALJ further stated that although she finds that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence or other evidence in the record.  R. 20-21.

The ALJ cited supporting evidence in her analysis.  The ALJ discussed that Plaintiff suffered from non-disabling bipolar disorder.  R. 21.  The ALJ noted that:

> Despite an anxious and depressed mood, an adult psychiatric evaluation in August 2016, revealed intact short-term memory, logical thought process, and average intellectual functioning.  In July 2017 . . . a psychiatrist noted that [Plaintiff's] mental symptoms were improving with Zoloft.  Notably [Plaintiff] has presented as very nervous when she has not taken her psychiatric medications.  In fact, [Plaintiff] testified that she is motivated 'to do work' when she takes her medications.  Although [Plaintiff] testified that she has seen a psychiatrist regularly since 2016, treatment records document no more than a handful of psychiatric medication management visits between 2017 and 2018.

R. 21.  Next, the ALJ discussed Plaintiff's substance abuse.  The ALJ noted that "Plaintiff has been referred for treatment of alcohol abuse.  [Plaintiff] testified that she drinks less than she used to and currently consumes alcohol at night to keep her calm."  R. 21.  The ALJ also stated that there was no objective evidence to the contrary.

Lastly, the ALJ considered several medical opinions.  When giving great weight to Dr. Green and Dr. Carne's determinations that Plaintiff is able to understand, remember, and carry out simple instructions, and that Plaintiff could have occasional interaction with coworkers, supervisors, and the general public; the ALJ stated that:

> [Their] findings are consistent with observations that [Plaintiff's] mood was depressed and anxious despite good eye contact, good grooming, cooperativeness, normal speech, goal-directed, thought process, good insight and judgment, and full alertness and orientation.

R. 22. The ALJ also explained that she gave little weight to Dr. Padder's marked limitations in mental functioning. Specifically, the ALJ explained that:

> [Dr. Padder's] findings regarding [Plaintiff's] mental functioning is inconsistent with observations that [Plaintiff] was groomed, maintained good eye contact, was cooperative, had normal speech, exhibited, goal-oriented thought process, demonstrated good insight and judgment, and was alert and fully oriented.

R. 22. Neither the RFC, the explanation following the RFC, nor any of the evidence that the ALJ cited to support the limitations, address whether Plaintiff could perform the RFC for a full workday and workweek.

The Court finds that although the ALJ pointed to evidence in the record and supported the limitations that "[Plaintiff] can understand, remember, and carry out simple instructions, and [Plaintiff] can have occasional interaction with coworkers and supervisors, yet no interaction with the general public," the ALJ failed to draw an "explicit conclusion about how [Plaintiff's] mental limitations affect [her] ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations." *Thomas*, 916 F.3d at 312. In fact, at no point in her decision does the ALJ discuss Plaintiff's "ability to sustain work at a competitive pace over a typical workday." *See Beau S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2083, 2019 WL 3208002, at *3 (D. Md. July 16, 2019) (reversing and remanding an ALJ's decision where it fails to address this same capability). Although *Shinaberry* stated there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC," 952 F.3d at 121, nothing in *Shinaberry* states the ALJ is absolved from including "explicit conclusions about

13

how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday. . .". *Thomas*, 916 F.3d at 312. The Court finds that remand is required to allow the ALJ to establish for how long and under what conditions Plaintiff is able to focus her attention on work activities and stay on task at a sustained rate. *Sean P. v. Saul, Comm'r of Soc. Sec.*, No. TMD 18-2072, 2019 WL 3778706, at *5 (D. Md. Aug. 12, 2019) (citing *Thomas*, 916 F.3d at 312 n.5). The ALJ should also include an RFC limitation to address Plaintiff's difficulties with concentration, persistence, or pace, or explain why a limitation is not needed.

In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

### IV.   Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

February 1, 2022                                                /s/
                                                        Charles B. Day
                                                        United States Magistrate Judge

CBD/pjkm